[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Brookline, Massachusetts, on February 27, 1955. The plaintiff has resided continuously in this state for approximately twenty years. There are three children issue of this marriage, all of whom have reached the age of majority. The evidence reveals that the marriage has irretrievably broken down, and judgment may enter dissolving the CT Page 1502 marriage on that ground.
The plaintiff, age 60, works as a substitute teacher. She worked part time during the marriage in addition to performing the duties of homemaker. She enjoys good health.
The defendant, soon to be age 62, has college training as an architect, but was employed as a draftsman during the marriage. He has been unemployed for the past two years. He testified as to having several physical ailments.
The court finds that the defendant must assume the major responsibility for the breakdown of this relationship. The court finds credible the plaintiff's testimony as to the behavior of the defendant towards the plaintiff throughout this long marriage.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The court compliments both counsel for their presentations. In particular, the court notes that defendant's counsel, who represented the defendant on a pro bono basis, did an excellent job in representing the interests of his client.
The following orders may enter.
1. The defendant shall pay to the plaintiff as periodic alimony the sum of One ($1.00) Dollar per year. This order shall continue until the death of either party or the plaintiff's remarriage, whichever event shall first occur.
2. The parties shall list for sale their jointly owned residence located at 17 Brookhill Lane, Norwalk, Connecticut. The court reserves jurisdiction to decide any disputes between the parties involving the mechanics of sale, including but not limited to, the selection of a broker, the listing price and selling price.
A. Until the residence is sold, the plaintiff shall have exclusive possession thereof. The parties shall share equally any repair expenses required to maintain the premises.
B. The proceeds of sale shall be disbursed as follows:
1. Payment of real estate commission, if any, usual closing costs, and both back and current real estate taxes; CT Page 1503
2. The balance shall be distributed as follows: sixty (60%) percent to the plaintiff, and forty (40%) percent to the defendant.
3. The plaintiff and defendant shall each keep her and his own clothing and personal effects. When the defendant desires to remove his personal effects from the marital residence, he shall give the plaintiff at least 24 hours notice before returning to the residence.
4. The defendant is awarded his 1986 Honda automobile. The plaintiff is awarded her 1990 Toyota automobile, subject to the outstanding loan, which shall be the plaintiff's sole responsibility.
5. The plaintiff is awarded her checking and/or savings accounts, including her credit union savings.
6. The parties are each awarded one-half of the jointly owned shares of American Electric Power. They shall execute whatever documents are required to change the current ownership interests.
7. The plaintiff is awarded the silverware, stainless steel flatware, chinaware, picture by Goldie, and piano. The remaining items of home furnishings shall be divided as the parties may agree. In the absence of an agreement, said issue shall be submitted to the Family Relations Unit for a personal property division study, and this court reserves jurisdiction to issue orders as to the division.
8. The plaintiff shall be solely responsible for the liabilities listed on her financial affidavit. The defendant shall be solely responsible for the payment of the auto tax debts listed on his financial affidavit, and any other debts incurred by him and not scheduled on his affidavit.
9. The plaintiff's request to order the defendant to give the plaintiff a religious divorce (a Get) is denied. Assuming the court has jurisdiction to enter such an order, the court declines to do so. The plaintiff testified that she is not an orthodox Jew, and therefore, her need is not as compelling as if she were. The giving of a Get is ordinarily voluntary, and the defendant has indicated he is unwilling to cooperate. Under these circumstances, the court has decided not to order the defendant to comply.
Judgment may enter accordingly.
NOVACK, J. CT Page 1504